Parker, C. J.,
delivered the opinion of the Court. The question distinctly brought before us by this writ of error is, whether the declarations of a witness under oath, competent at the time, but being incompetent by infamy at a subsequent trial, are legal and admissible. We are all of opinion that they are not, and that the opinion of the Circuit Court of Common Pleas cannot be supported, either by authority or upon sound principles of justice or policy.
The general rule, that heresay evidence is inadmissible, cannot be disputed; indeed, it is so clearly established, and uniformly recognized, as to have become a familiar maxim.
There are exceptions to the rule; but these are as well known as the rule itself; and the present case does not resemble any of them. In England, when one who has been a witness is dead, his testimony may be revived by living witnesses, who were present at his examination in a former trial of the same cause between the same parties. It is so laid down in several authorities, and particularly in Butter’s Nisi Prius, (1) and in a late case in the Common Pleas. (2) As the declarations of the dead man were made under oath, in a cause then pending, the proof of those declarations, in a subsequent trial, was thought to be not strictly hearsay evidence, which is generally the proof of conversation held by a party not at the time under oath
But this species of evidence is certainly not free from incon venience; for the imperfect recollection of what has been said at another time, and especially the want of knowledge of the manner of expression, the countenance, and the conduct, of him upon whose relation the proof of the fact is to rest, may materially affect, and perhaps sometimes totally change, the character of the testimony *204 We do not mean, however, to deny this, as a rule of evidence, or as an exception to the general rule; although no decision, to our knowledge, has taken place upon it in this commnnwealth, * nor do we remember any practical admission of the principle by the courts of this state.
We believe that in England the proof of such declarations has been limited to the case where the principal witness is dead; for we find no case where such evidence has been admitted, when the testimony of the principal witness has been lost by any other cause. Indeed, the depositions of witnesses, taken in chancery, in a cause pending there, the witnesses being competent at the time, are not admitted at the trial of the same cause in the courts of common law, if, in the mean time, the witnesses have become incompetent, by reason of an interest devolved upon them without their agency. Much less could the viva voce declarations of a witness so situated be proved by another witness; for this would certainly be much inferior evidence of what he had said than his own words, committed to writing under all the cautions of a solemn examination. (3)
Admitting it to be the rule here, as well as in England, that the declarations of a dead witness, made under oath at a former trial, may be proved, it by no means follows that declarations so made by a witness still living, but who has become incompetent, can be so received. The cases are not sufficiently analogous to prove each other. The case of a supervening interest would be the most favorable; but that is not admitted in England, (a)
In the case of infamy, occurring by a conviction between the first and second trial, the objection is certainly stronger; for the crime committed proves a state of mind capable of crime ; and as it is impossible to ascertain when the moral sense was corrupted, the antecedent character of the witness is affected by the conviction, to a degree which would render his testimony on a controverted point of little use to a jury. It is true, they may judge of his credibility ; but it would not be safe to try experiments upon the credulity of jurors, by committing to them suspicious testimony ; and exceptions need not be multiplied to those rules which are already known and practised upon.
* It may also be considered as a forcible objection to this species of testimony, that it brings with it a necessity of making such public inquiries into the character of the person *205 whose declarations are sworn to, as are very inconvenient in a court of justice, and ought as much as possible to be avoided. (b)
Upon the whole, as the admission of the evidence objected to is not justified by any authority, nor by the principles of justice and sound reason, we think the judgment of the Circuit Court of Common Pleas is erroneous. Let a venire facias de nova issue, re turnable at the bar of this Court.

 Bull. N. P. 295

 3 Taunton's Rep. 261.

 Bull. N. P. 239. — Salk. 286.

 [The depositions of persons who cannot attend to testify, by reason of sickness, insanity, or other cause, or who have gone abroad, or beyond the reach of process, or cajinot be found, have by the courts in England been admitted in evidence. —1 Stark, on Evidence, 2d Lond. ed. 265 ; 3d ed. 310, and the cases there cited. — And see Gold vs. Eddy, 1 Mass. Rep. 1, 4. — Ed.]

6) [This decision is supported by no authority, and is inconsistent with general principles. Mr. Starkie says,61 The deposition of a witness may be read, not only where it appears that the witness is actually dead, but in all cases where he is dead, for all purposes of evidence; as where diligent search has been made for the witness, and he cannot be found, where he resides in a place beyond the jurisdiction of the court, where he has become lunatic or attainted.” — 1 Stark. Ev. 2d Lond. ed. p. 265; 3a Lond. ed. 310. — So, although the attestation of a subscribing witness, made after conviction of an infamous crime, is a mere nullity, yet, if made before conviction, it will be available after conviction, and the hand-writing may be proved. — 1 Stark. Ev. 2d Lond. ed. p. 135. — Jones vs. Morgan, 2 Str. 283. — In all such cases, the proper inquiry seems to be, whether the witness was competent at the time of his attestation, or giving of testimony. His subsequent conduct, and the consequences of it, will only affect' his credibility. To determine whether testimony be admissible, we must look to the condition of the witness when it was given. Generally speaking, if the witness was then competent, but has since become incompetent, the testimony will be received, and so, on the contrary, if then incompetent, it will be rejected. — Ed.]