COMMONWEALTH *vs.* WILLIAM McKENNA.

Middlesex.    January 31, 1893. — March 1, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Intoxicating Liquors — Illegal Keeping for Sale — Evidence.*

At the trial of a complaint for the unlawful keeping for sale of intoxicating liquors, there was evidence that the defendant kept a store, which was in a block occupied by other tenants, and adjoining his store was an unoccupied store, each having a door opening into a common entry-way in the rear; that during the time covered by the complaint a large quantity of liquors was found in an ice-chest in the unoccupied store; that on another occasion a quart of whiskey in a bottle was found by an officer, in the defendant's absence, in the cellar of the building, into which a stairway led from the defendant's store; that the defendant lived with his grandmother, about one hundred or one hundred and fifty yards from his store; that her house was searched by the police, who found concealed under a trap-door in the floor of the kitchen two quart bottles containing whiskey and two empty jugs smelling of whiskey; that the defendant went back and forth from his store to this house when he took his meals, and also at other times; that on one occasion a pint bottle half filled with lager beer and eight empty lager beer bottles, and on another occasion a glass which smelt of whiskey, were found in the defendant's store, and in his presence; and that on different occasions men under the influence of liquor were seen in and about the defendant's premises.  The judge refused to rule, as requested by the defendant, that there was not sufficient evidence to justify a verdict of guilty. *Held*, that the defendant had no ground of exception.

At the trial in the Superior Court, on appeal, of a criminal case, a witness cannot testify to what he heard another person, who is ill and unable to attend the trial, testify to at the trial of the case in the lower court.

COMPLAINT, to the First District Court of Eastern Middlesex, alleging that the defendant, on January 1, 1892, and on divers other days and times between that day and February 26, 1892, the date of the complaint at Malden, unlawfully exposed and kept for sale intoxicating liquors, with intent unlawfully to sell the same in this Commonwealth.   Trial in the Superior Court, before *Fessenden,* J., who allowed a bill of exceptions, in substance as follows.

There was evidence for the government that the defendant was a pedler and provision dealer, and kept a store in Malden. The store was in a large block, in which there were eight or ten tenants, and there was an unoccupied store adjoining the store

of the defendant, but having no direct connection with his store, although it was connected by a door leading into an entry-way in the rear of the defendant's store. A door opened into the entry-way from the defendant's store.

Evidence was introduced that on February 22, 1892, fifty-two bottles of lager beer and four quarts of whiskey were found on ice in a chest in the unoccupied store, and three empty lager beer cases were found in the same place. The owner of the building testified that he did not let the store to any person, and did not occupy it himself. There was no evidence, except such as appears in this bill of exceptions, that the unoccupied store was used, controlled, or in any manner occupied by the defendant, or that he had any key to the door of the same, or that he had access to it in any way during the time covered by the complaint. The lock on the door was an ordinary lock.

There was evidence that on January 5, 1892, at a time when the defendant was not present, a quart of whiskey in a bottle was found by an officer in the cellar of the building in which the store of the defendant was situated. There was a stairway leading from the defendant's store to the cellar, and there were two other stairways leading from the premises of other tenants to the cellar, which was not divided off or partitioned, but permitted an unobstructed passage under the whole block.

The defendant lived with his grandmother, Catherine Kearns, about one hundred or one hundred and fifty yards from the store. The police searched the house of Mrs. Kearns, and in the kitchen, under a trap-door in the floor, were found concealed two quart bottles containing whiskey, and two empty jugs smelling of whiskey. It was shown that the defendant went back and forth from his store to this house when he took his meals, and also whenever he desired to do so at such times as he was not on the road engaged in peddling provisions. There was no evidence that anything was brought by him from the house to the store, nor was there any evidence of any other person passing or being sent as messenger between the store and house.

There was evidence, admitted without objection, that Mrs. Kearns was seventy-three years of age, and was ill and unable to appear in court. The defendant offered to prove that Mrs. Kearns claimed the liquor found at her house as her own, and

for this purpose asked, on cross-examination, the chief of police of Malden, who was a witness for the government, and who was not inquired of as to this matter by the district attorney, if he heard the testimony of Mrs. Kearns when a witness at the trial of this case in the lower court. He testified that he did. The defendant thereupon asked him what Mrs. Kearns testified as to the ownership of the liquors found in her house. The judge excluded the question; and the defendant excepted.

There was evidence that quite a number of men congregated around the corner where the defendant's store is situated, and that some of them were sometimes under the influence of liquor; that on one occasion when the defendant was present, during the time covered by the complaint, a pint bottle was found in the defendant's store half filled with lager beer, and also eight empty lager beer bottles; that on another occasion, when the defendant was present, there was a whiskey glass which smelt of whiskey; that quite a number of young men were about the store of the defendant, and many of them were seen by officers sitting about the stove in the back room of the store, from which a door opened into the entry-way before mentioned; and that on different occasions men were seen in the store and in the back room, and in the presence of the defendant, under the influence of liquor.

There was no evidence that the defendant bought or sold, or delivered, or had possession of any intoxicating liquors during the time covered by the complaint, unless the same may be inferred from the evidence hereinbefore set forth.

The defendant asked the judge to rule that there was not sufficient evidence to justify a verdict of guilty; but the judge refused so to rule.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*P. J. Doherty & E. D. Sibley*, for the defendant.

*C. N. Harris*, Second Assistant Attorney General, for the Commonwealth.

FIELD, C. J.   We are of opinion that the evidence recited in the exceptions was sufficient to warrant the verdict of the jury.

The remaining exception is to the refusal of the court to permit a witness to testify to what Mrs. Kearns testified to at the trial of this case in the district court, she being ill and unable to

be present at the trial in the Superior Court.   The witness heard her testimony, and we assume that it was material.   On this question there is a conflict of authority in other jurisdictions, but here, so far as we know, the practice has been to confine such testimony to cases where the witness has died; and the weight of authority elsewhere in criminal proceedings is, we think, that the rule should not be extended to cases where the witness is ill at the time of the trial.   *State* v. *Staples*, 47 N. H. 113.   *People* v. *Newman*, 5 Hill, (N. Y.) 295.   *Le Baron* v. *Crombie*, 14 Mass. 234.   *Commonwealth* v. *Richards*, 18 Pick. 434.   *Yale* v. *Comstock*, 112 Mass. 267.   *Costigan* v. *Lunt*, 127 Mass. 354.   *Chase* v. *Springvale Mills Co.* 75 Maine, 156.   *United States* v. *Angell*, 11 Fed. Rep. 34.   *Collins* v. *Commonwealth*, 12 Bush, 271.   See *Reynolds* v. *United States*, 98 U. S. 145; 1 Greenl. Ev. §§ 163–165; Best on Ev. (Chamberlayne's ed.) § 496, n.; Whart. Crim. Ev. (9th ed.) § 227 *et seq.*; 1 Bish. Crim. Proc. (3d ed.) § 1195; 1 Taylor Ev. § 477 *et seq.*   The decision in *Le Baron* v. *Crombie, ubi supra*, has never been overruled, and the statutes since passed relating to evidence and witnesses seem not to touch the question.                                    *Exceptions overruled.*