PONDER *et al. v.* WALKER.

1. Newly discovered evidence which is merely cumulative is not cause for a new trial.
2. A ground of a motion for a new trial, merely alleging that "the court erred in causing to be withheld from the jury" certain documentary evidence, without indicating that it was "illegally withheld from the jury against the demand of the applicant," does not contain a sufficient assignment of error.

Argued May 5, — Decided June 1, 1899.

Complaint. Before Judge Beck. Monroe superior court. September 30, 1898.

*Cabaniss & Willingham* and *E. G. Cabaniss Jr.*, for plaintiffs in error. *J. Y. Allen* and *Robert L. Berner*, contra.

FISH, J. 1. One ground of the motion for a new trial was based upon newly discovered evidence. The vital question in the case was whether the defendants had paid the plaintiff the sum of $550 as a credit on one of the notes sued on. Ponder, one of the defendants, testified that the plaintiff, Walker, was in Forsyth on January 9, 1894, and that on that day he paid him the $550, partly in two checks and the balance in money. Newton, cashier of the bank in Forsyth upon which the checks were drawn, testified that he paid the checks to the plaintiff, at such bank, on January 9, 1894. Walker, the plaintiff, testified that Ponder never paid him the $550, nor any part of it; that Ponder never gave him the checks for part of the $550, and that Newton never paid him any money on any such check; that he, Walker, was not in Forsyth on January 9, 1894, but possibly might have passed through that city, going out to see his sister. The newly discovered evidence was that of Blood-

worth and Maynard, who made affidavits that Walker, the plaintiff, was in Forsyth on January 9, 1894. These affidavits were properly supported by the affidavits of defendants and their counsel, and also by affidavits of others as to the characters, etc., of Bloodworth and Maynard. This newly discovered evidence was merely cumulative; it did not relate to any new facts. Two witnesses had testified upon the trial, in behalf of the defendants, to the specific fact sought to be proved by Bloodworth and Maynard, viz.; that Walker was in Forsyth on January 9, 1894. Under numerous decisions of this court, such newly discovered evidence is not ground for a new trial. See Civil Code, §§ 5480, 5481, and citations.

2. Complaint is made in the motion, "that the court erred in causing to be withheld from the jury the stubs of certain checks," etc., and "the books of the W. H. Head Banking Co., which showed," etc. The motion nowhere alleges that the movants offered to put in evidence the stubs and books mentioned and that the court rejected them. It does not appear that they were "illegally withheld from the jury against the demand of the applicant" for a new trial. See Civil Code, § 5478. There are various means by which the court might have caused the stubs and books to have been withheld from the jury and yet not have committed error in so doing. How was it done in this instance? The motion leaves us to conjecture. Such a general complaint is not a sufficient assignment of error to be considered.

*Judgment affirmed. All the Justices concurring.*