## 12374.   JORDAN *v.* THE STATE.

No harm from the instructions on the law of murder, even if they were erroneous, could have resulted, since the verdict was voluntary manslaughter.

A ground of the motion for a new trial, that "counsel for movant considers that the following material evidence should have gone to the jury in determining the guilt or innocence of the prisoner," setting out the evidence referred to, is not in proper form for consideration.

The verdict was supported by evidence.

DECIDED JUNE 14, 1921.

Indictment for murder — conviction of·manslaughter;   from Jasper superior court — Judge Park.   March 7, 1921.

*E. M. Baynes,* for plaintiff in error.

*Doyle Campbell, solicitor-general, A. Y. Clement,* contra.

BLOODWORTH, J.   1.   The instructions complained of (which included in substance section 73 of the Penal Code of 1910), even if erroneous, were made while the judge was charging the jury on the law of murder, and did not injuriously affect the accused, since the verdict was voluntary manslaughter. *Thompson* v. *State,* 24 *Ga. App.* 144 (2) (99 S. E. 891), and cases cited.

2.   The second ground of the amendment to the motion for a new trial alleges that "counsel for movant considers that the following material evidence should have gone to the jury in determining the guilt or innocence of the prisoner" (then follows the evidence referred to), but it is not alleged that this evidence was offered by the movant or that it was illegally withheld from the jury against his demand.   Civil Code (1910), § 6083; *Wight* v. *Schmidt,* 111 *Ga.* 858 (1) (36 S. E. 623); *Ponder* v. *Walker,* 107 *Ga.* 753 (2) (33 S. E. 690).   In addition to the above, "the general rule is, that in order for the exclusion of oral evidence

to be considered as a ground for a new trial, it must appear that a pertinent question was asked, that the court refused to allow the answer, and that a statement was made to the court at the time, showing what the answer would be; and that such testimony was material and would have benefited the complaining party. *Griffin* v. *Henderson*, 117 *Ga.* 382, and cit." *Allen* v. *Kessler*, 120 *Ga.* 319 (1) (47 S. E. 900). See *Kimbrel* v. *State*, 24 *Ga. App.* 696 (101 S. E. 920). In view of the above rulings, the second ground of the amendment to the motion for a new trial does not properly present any question for determination by this court.

3. There was ample evidence to support the verdict.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*