18987.   HERNDON *v.* CHAMBERLAIN.

DECIDED JANUARY 22, 1929.

*J. A. Mitchell,* for plaintiff.   *Hawes Cloud,* for defendant.

JENKINS, P. J.   The only question involved in this case is whether the trial judge committed error in allowing the testimony of a witness on a former trial of the case to be read in evidence, upon the showing made that the witness, although within the jurisdiction of the court and possessing mental capacity to testify, was physically unable to travel so as to attend court as a witness, and had been in that physical condition for about two years.

Under the provisions of section 5773 of the Civil Code (1910), "the testimony of a witness, since deceased, or disqualified, or inaccessible for any cause, given under oath on a former trial, upon substantially the same issue and between substantially the same parties, may be proved by any one who heard it, and who professes to remember the substance of the entire testimony as to the par-

ticular matter about which he testified." While the question as to the inaccessibility of a witness is one for determination by the trial court in the exercise of a sound discretion, under the law governing in this State, when a witness can not be actually brought to court in order to testify, it is the duty of the party desiring his evidence to sue out interrogatories or take his depositions; and in the entire absence of any showing that such could not have been accomplished, it can not be said that the court was authorized to permit the testimony of the witness on the former trial to be read into the record. The rule permitting the use of the testimony of a witness on a former trial arises from the necessity of the case. Ordinarily, the party against whom a witness testifies is entitled to subject him to cross-examination. There might be various changes in the status of the case after the time of his previous testimony, such as would render additional cross-examination desirable.

*Judgment reversed. Stephens and Bell, JJ., concur.*