HILDRED RICH et al. v. STATE.

No. A-7907. Opinion Filed July 18, 1931.
Rehearing Denied Aug. 8, 1931.
(1 Pac. [2d] 805.)

Warren B. Phillips and Finis M. Walker, for plaintiffs in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiffs in error, hereinafter called defendants, were convicted in the district court of Seminole county of the crime of robbery with firearms, and their punishment fixed by the jury at imprisonment in the state penitentiary for a period of five years.

The evidence of the state was that Norma Ragsdale was running a soft drink and barbecue stand on a highway in Seminole county, and was being assisted by one Myrtle Hale; that on the day of the robbery the defendants came to the soft drink and barbecue stand and demanded $25 protection money from the Ragsdale woman; that upon being refused they started to beat her up and she fled; that at about that time Myrtle Hale went into the tent back of the pop and barbecue stand to see what

420

the difficulty was; that one of the defendants assaulted her and covered her with a pistol and took by force and fear from her immediate presence one 17-jewel Hamilton watch, one brown gladstone suitcase, two silk dresses, one leather hat box, and a stock of candy and chewing gum of the value of $100; that the defendants tore the dress and slip off of Myrtle Hale and one of them struck her and knocked her on the bed; that they tore the brassiere and step-ins from her body, and, while the defendant Rich covered her with a revolver with one hand and held her with the other hand, the defendant Kygar raped her; that defendant Rich then attempted to rape her, but abandoned it without accomplishing his purpose; that the Hamilton watch was found in the possession of defendants when they were searched after their arrest, and that the officers had a description of the automobile and had found it, and the defendants came to the police station looking for it, claiming it had been stolen from them; that at that time they denied being at the tent or having anything to do with the robbery, but, when confronted by the women, said that some of the stuff was in the suitcase in the car. When informed by the officers that the suitcase was not in the car, defendants thereupon said the suitcase was in a garage at St. Louis.

Defendants testifying for themselves said that they were at the pop and barbecue stand with some parties and bought 7½ pints of whisky for which they paid $7; that one of the truck drivers who was there bought $10 worth of whisky, which the defendants and the women and the truck drivers drank; that defendants, after drinking some, left the place and went to Seminole; that the car was taken from the street and they went to the police station to look for it, but denied that they had committed the robbery. The defendants explained their possession

of the watch by saying that they had loaned the girls $5 on it.

The evidence of the state is sufficient to support the verdict of the jury.

Defendants contend first that the court erred in forcing them to trial over their objection that a list of the witnesses to be used in chief by the state had not been served upon them at the time of arraignment.

The record discloses that the defendants were arraigned in the district court on November 4, 1929, and that at this time all formalities of the arraignment and time to plead were waived, and that both defendants entered their pleas of not guilty of the crime of robbery with firearms.

The record further discloses that on the 18th day of December, 1929, this cause came on regularly for trial, at which time defendant's counsel claimed defendants had not been served with a list of the witnesses at the time they were arraigned, and declined to announce ready for trial, whereupon the following statement was made by the court:

"The Court: Mr. Clerk and Mr. Court Reporter, let the record show in this case that the defendants have heretofore been duly arraigned and at that time a copy of the information with a list of the witnesses was served on the attorney of record in the case and the defendants being present at the time it was served. Is the state ready for trial?"

The objection made by the defendant reads:

"If Your Honor please, at the time they were arraigned they were not served."

"If Your Honor please, we don't want to waive that question."

This objection was insufficient, for the reason that it merely claimed that the list of witnesses was not served upon them at the time of their arraignment. The Constitution makes no such requirement. The requirement is that a list of witnesses shall be served in capital cases two days before the trial. Thereupon the court announced ready for trial for the defendants and ordered a jury impaneled. Defendants saved no exceptions to the order of the court.

It is contended by defendants that the fact that they were present in open court when a copy of the information and list of witnesses was served on their counsel is insufficient, as the Constitution requires that the list shall be served upon them personally.

That part of article 2, § 20, of the Constitution, pertinent to the issues here, is as follows:

"* * * And in capital cases, at least two days before the case is called for trial, he shall be furnished with a list of the witnesses that will be called in chief, to prove the allegations of the indictment or information, together with their post-office addresses."

In Franklin v. State, 9 Okla. Cr. 178, 131 Pac. 183, this court said:

"The defendant in a capital case may waive his constitutional right to be furnished with a list of the witnesses that will be called in chief to prove the allegations of the indictment or information, together with their post-office addresses, at least two days before the case is called for trial."

In Pollock v. State, 26 Okla. Cr. 196, 223 Pac. 210, this court said:

"The service of a list of witnesses upon defendant to be used by the state in chief is a matter which the defend-

ant can waive and which he does waive if no timely objection is interposed."

In Manning v. State, 7 Okla. Cr. 368, 123 Pac. 1029, this court said:

"The law does not prescribe the manner in which the names of witnesses in a capital case shall be furnished the defendant. If it be made to appear to the satisfaction of the trial court that such names were furnished the appellant at least two days before the case was called for trial, the manner in which the names were so furnished becomes immaterial." State v. Frisbee, 8 Okla. Cr. 406, 127 Pac. 1091; Franklin v. State, 9 Okla. Cr. 178, 131 Pac. 183; Goben v. State, 20 Okla. Cr. 220, 201 Pac. 812; Pollock v. State, 26 Okla. Cr. 196, 223 Pac. 210.

Where at the time of arraignment, and more than two days before the trial in a capital case, upon the order of the court the defendants' counsel, in the presence of defendants, is given a copy of the information upon which the names of the witnesses to be used by the state in chief are indorsed, this service in open court is sufficient service upon the defendants to meet the requirements of article 2, § 20, of the Constitution.

Defendants next contend that the court erred in permitting the state to read the transcript of the evidence of Myrtle Hale taken at the preliminary examination of the defendants.

The state moved for leave to read the transcript of the evidence of the witness Myrtle Hale, and in support of such motion introduced a subpoena for her which was returned and filed with the court clerk on the 12th day of December, 1929, showing that the witness could not be found.

The return was made by J. W. Fulkerson, deputy

sheriff, who testified that in searching for the witness he went out west of Mission City, near the Carr schoolhouse, and that thereafter he went nine miles east of Holdenville and outside of Seminole county searching for her; that he took Dr. Hunter, county health officer, and Norma Ragsdale with him; that they were unable to find the witness.

It appears from the record that the magistrate who conducted the preliminary hearing made a certified transcript of all of the proceedings had before him, including the evidence given by Myrtle Hale, and had duly filed the same in the district court. The state introduced the certificate of the magistrate attached to the transcript and the transcript itself, and thereupon the state was permitted to read the evidence of Myrtle Hale so taken to the jury.

The defendants contend that the state failed to lay a sufficient predicate for the introduction of this testimony.

The showing of the state was weak, but counsel for defendants saved no exceptions to the order of the court admitting the evidence.

After the state had closed its case, the defendants sought to introduce a contradictory statement made by Myrtle Hale, from which it appeared that Mr. Phillips, counsel for defendants, had met Myrtle Hale on Saturday night before the trial in Hughes county, east of Holdenville; that he went there for the purpose of getting a statement; that witness went on to McAlester and came back Sunday afternoon at about 4 o'clock and saw her again; that he saw her again at about 9 o'clock Sunday night, and then that she was at his office in Wewoka on the same

night; that at that time, in his office, she made the statement which was attempted to be introduced by the defendants. When defendants offered this statement, the state objected, and the court sustained the objection.

It thus appears from the record that the defendants' counsel were in communication with the witness and had her in Wewoka some time after 9 o'clock Sunday night and in the office of defendants' counsel. This information was not revealed to the court nor to the county attorney until the state had closed its case. Good faith would have required counsel for defendants to disclose whatever information he had as to the whereabouts of the witness.

The showing of the state brings the case within the rule laid down in Fitzsimmons v. State, 14 Okla. Cr. 80, 166 Pac. 453, Tobin v. State, 49 Okla. Cr. 265, 293 Pac. 575, and Alexander v. State, 51 Okla. Cr. 1, 299 Pac. 237, 238, and was sufficient to entitle the state to introduce the transcript of the evidence.

Defendants next contend that the court erred in permitting proof to be introduced of the rape committed upon Myrtle Hale at the time of the robbery.

The general rule is that the state cannot show that the accused has committed other crimes.

Evidence which tends to throw light upon the guilt of the defendant and which has some logical connection with the crime charged is not inadmissible because it may tend to show him guilty of some other crime. Wise v. State, 34 Okla. Cr. 284, 246 Pac. 656; Harrell v. State, 43 Okla. Cr. 278, 278 Pac. 404; Carmichael v. State, 44 Okla. Cr. 160, 279 Pac. 515.

Evidence of another and distinct crime is permissible if it was committed as a part of the same transaction and

426

forms a part of the res gestae. Tempy v. State, 9 Okla. Cr. 446, 132 Pac. 383; Littrell v. State, 22 Okla. Cr. 1, 209 Pac. 184.

The trial court in its instructions to the jury said:

"In this connection you are advised that such evidence is competent for your consideration in determining the question as to whether the defendants are guilty of the crime as charged in the information—that is, you may consider it as tending to show or not show light upon the proposition as to whether the defendants are guilty of the crime charged in the information, and for this purpose only, and should you find from the evidence that the defendants are guilty of other crimes than the one charged for which they are being tried, but have a reasonable doubt as to whether they are guilty as charged in the information, you should acquit the defendants."

The assault upon Myrtle Hale being a part of the same transaction and a part of the res gestae, it is admissible. The instructions of the court properly advised the jury of the purpose of this evidence, and the defendants cannot complain by reason thereof.

The other errors complained of by defendants are without merit.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J. concur.