## FLYNT *v.* DUMAS.

WYATT, Justice. 1. Special ground one of the amended motion for new trial seeks to attack the constitutionality of an act of the General Assembly (Ga. L. 1941, p. 487, Code, Ann. Supp., § 67-1308). The constitutional attack is made for the first time in the motion·for new trial. "A question as to the constitutionality of a law cannot be raised for the first time in a motion for a new trial, where. it was not made either by demurrer to the pleadings or by objections to evidence, or in some other appropriate way pending the trial." *Stone* v. *State*, 202 *Ga.*

203 (42 S. E. 2d, 727). Moreover, if such an attack were permissible, the question is not properly presented in this case, in that there is a failure to specify the provisions of the Constitution alleged to have been violated. *Price* v. *State,* 202 *Ga.* 205 (42 S. E. 2d, 728).

2. Special grounds 2 and 3 allege only "that the court erred in excluding from the evidence the following deed," after which allegation the substance of the deed is set forth. These grounds are too general and incomplete to require a ruling, because, if for no other reason, it is not alleged that the movant offered the evidence. *Wight* v. *Schmidt,* 111 *Ga.* 858 (36 S. E. 937); *Ponder* v. *Walker,* 107 *Ga.* 753 (2) (33 S. E. 690).

3. Finally, it is contended that the court erred in directing a verdict because "there was an issue of fact as to whether or not defendant had been in possession long enough to acquire title by prescription." There was no proof by the plaintiff in error of written evidence of title. The evidence upon which the plaintiff in error relied to prove title by prescription, by twenty years' adverse possession, is quoted in the statement of facts. Clearly such evidence is wholly insufficient to prove a prescriptive title, because it fails to meet the requirements of the Code, § 85-402. *Ewing* v. *Tanner,* 184 *Ga.* 773 (193 S. E. 243).

4. The evidence demanded a verdict for the plaintiff in the court below, and the trial judge did not err in directing a verdict.

*Judgment affirmed. All the Justices concur.*

No. 16720. JULY 13, 1949. REHEARING DENIED JULY 27, 1949.

704

706

*B. H. Manry* and *Gloria Ann Clark,* for plaintiff in error.
*Dobbs & Whitmire,* contra.