19951. TANNER *v.* THE STATE.

ARGUED JANUARY 14, 1958—DECIDED FEBRUARY 10, 1958.

*H. Cliff Hatcher, George W. Fryhofer, Emory L. Rowland, W. W. Larsen, Jr., Larsen & Larsen,* for plaintiff in error.

*George Hains, Solicitor-General, Lewis & Lewis, Preston B. Lewis, Eugene Cook, Attorney-General, J. R. Parham, Assistant Attorney-General,* contra.

MOBLEY, Justice. Gordon Tanner, a former police officer of the City of Waynesboro, was convicted of the murder of Herman DeLaigle and was recommended to the mercy of the court. His motion for new trial on the general and nine special grounds was denied, and the defendant excepts.

1. The evidence was sufficient to authorize the verdict of the jury, and the general grounds are without merit.

2. In ground 4 of the motion for new trial, the defendant assigns as error the ruling of the trial court in permitting a witness for the State, R. N. DeLaigle, to remain in the courtroom during the course of the trial. In view of the statement of the trial court, when ruling that this witness could remain in the courtroom, that "The solicitor-general states that he needs him for advice and assistance in the trial of the case and we usually allow one investigating officer," and no further objection being made thereafter, we are of the opinion that there is no merit in this

ground. This court has held that it is within the discretion of the trial court to permit a witness whom the solicitor-general states he needs to aid in the trial of the case to remain in the courtroom. *Montos* v. *State,* 212 *Ga.* 764 (95 S. E. 2d 792).

3. In ground 5 it is contended that the trial court erred in permitting a witness for the State, W. C. Rogers, to testify as to the evidence heard by Rogers and given by a witness at the commitment trial of the defendant. This ground shows that the absent witness, Mrs. Story, was not present at the trial because, as testified to by her husband, she was suffering from a heart ailment. A doctor's certificate was submitted to the trial court, and in answer to the solicitor's question, "Is Mrs. Story physically able to attend court at the present term?" the husband, Mr. Story, replied, "No, sir." This was the extent of the showing by the State as to the witness being inaccessible. Before the witness Rogers related his evidence as to his remembrance of the testimony given by Mrs. Story at the commitment trial, the defendant's counsel interposed objections upon the ground that the defendant was entitled to have the witness at the trial to be interrogated in order that the jury might see the witness and observe her demeanor. Code § 38-314 provides: "The testimony of a witness, since deceased, or disqualified, or inaccessible for any cause, given under oath on a former trial, upon substantially the same issue and between substantially the same parties, may be proved by anyone who heard it, and who professes to remember the substance of the entire testimony as to the particular matter about which he testifies." The sole question for decision raised by this ground is whether or not Mrs. Story was shown to be inaccessible in the instant case, so as to permit her testimony at the commitment trial to be given by the witness Rogers. The question whether a witness is inaccessible within the meaning of the above Code section, so as to allow his testimony rendered on a former trial to be related by one who professes to remember it, is in each particular case a matter within the sound discretion of the trial court (*Atlanta & C. Air-Line Ry. Co.* v. *Gravitt,* 93 *Ga.* 369, 371, 20 S. E. 550, 26 L. R. A. 553, 44 Am. St. R. 145), and his decision thereon will not be disturbed unless a manifest abuse of discretion is made to appear. *Robinson* v. *State,* 128 *Ga.* 254 (1) (57 S. E. 315); *Estill* v. *C. & S. Bank,* 153 *Ga.* 618 (6)

(113 S. E. 552); *Sheppard* v. *State*, 167 *Ga.* 326 (3) (145 S. E. 654). The defendant contends that the State's showing, that Mrs. Story would be unable to attend court at that term, was not a sufficient showing of inaccessibility, and that in permitting the witness Rogers to testify the court abused its discretion. We have found no case in this State which defines "inaccessible" within the meaning of Code § 38-314. In a number of cases, a witness out of the State has been held to be inaccessible (*Estill* v. *C. & S. Bank*, 153 *Ga.* 618, supra, and cases cited at p. 623), and in *Robinson* v. *State*, 128 *Ga.* 254, supra, it was stated that proof of inability to find a witness after diligent search may, in some circumstances, be sufficient to establish the inaccessibility of a witness. See *Sheppard* v. *State*, 167 *Ga.* 326, supra. But no case in this State has been found to support the ruling that inability to attend court at the term when a defendant is tried, due to illness, constitutes inaccessibility within the meaning of the statute. The courts of other jurisdictions are not in agreement upon this question. In 20 Am. Jur. 591, § 704, it is stated: "In criminal prosecutions, according to the weight of authority, the mere temporary illness or disability of a witness is not sufficient to justify the reception of his former testimony; it must appear that the witness is in such a state, either mentally or physically, that in reasonable probability he will never be able to attend the trial." Cases supporting this view are: McCrorey *v.* Garrett, 109 Va. 645 (64 S. E. 978, 24 L.R.A. (NS) 139); Spencer *v.* State, 132 Wis. 509 (112 N. W. 462); State *v.* Wheat, 111 La. 860 (35 So. 955); Marler *v.* State, 67 Ala. 55 (42 Am. R. 95); Commonwealth *v.* McKenna, 158 Mass. 207 (2) (33 N. E. 389). In this same paragraph from American Jurisprudence the following statement also appears: "The tendency of the recent criminal cases is to permit testimony given at a former trial or at the preliminary hearing to be reproduced when the witness who gave the testimony is too ill to attend court at the term at which the case is tried." Cases holding to this effect are: Williams *v.* State, 156 Ark. 205 (246 S. W. 503); State *v.* McCarty, 49 N. D. 912 (194 N. W. 335); Rich *v.* State, 51 Okla. Crim. Rep. 418 (1 Pac. 2d 805). After a careful examination of the cases, we are of the opinion that the sounder view does not support the admission of the testimony here involved upon a mere showing

that the absent witness, who is within the jurisdiction of the court, is, on account of sickness, unable to testify at the term during which a defendant is tried. There was absolutely no evidence that the absent witness would not be able to testify at the next term of court, nor was there any evidence to show a reasonable probability that she would never be able to testify. The rule permitting the introduction of testimony of a witness on a former trial arises from the necessity of the case (*Herndon* v. *Chamberlain*, 39 *Ga. App.* 207, 146 S. E. 503); and while such evidence is not subject to the usual objections urged against hearsay evidence, because it has been delivered under oath and the witness was subject to the right of cross-examination, nevertheless, the constitutional guarantee that one shall be confronted with witnesses testifying against him should not be lightly regarded or suspended for expediency. In Maddox *v.* U. S., 156 U. S. 237, 242 (15 Sup. Ct. 337, 39 L. ed. 409), it was stated: "The primary object of the constitutional provision in question was to prevent depositions or *ex parte* affidavits, such as were sometimes admitted in civil cases, being used against the prisoner in lieu of a personal examination and cross-examination of the witness in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief." In our opinion the evidence offered by the State, that the absent witness could not appear at that term of court, was insufficient to make out a prima facie case of the inaccessibility of the witness so as to permit her testimony to be given by the witness Rogers. We can not say as a matter of law that the testimony thus given was not harmful to the defendant, and this ground of the motion for new trial is meritorious.

4. Ground 6 of the motion for new trial has been expressly abandoned.

5. Ground 7 excepts to the ruling of the trial court refusing to permit a witness for the defendant to answer the following question propounded by defense counsel: "What is the general reputation of Herman DeLaigle (the deceased) for turbulence and violence?" This ground is without merit for the reasons

that it was not shown what the expected answer to the question would have been (*Jordan* v. *State*, 27 *Ga. App.* 183, 107 S. E. 781; *Allen* v. *Kessler*, 120 *Ga.* 319(1), 47 S. E. 900; *Griffin* v. *Henderson*, 117 *Ga.* 382, 43 S. E. 712; *Kimbrel* v. *State*, 24 *Ga. App.* 696, 101 S. E. 920) ; and because there was no evidence tending to show that at the time of the homicide the deceased was making an assault on the accused or was in some way the aggressor. The defendant's statement cannot be the foundation for the introduction of evidence to show the character of the deceased for violence and turbulence. *Smithwick* v. *State*, 199 *Ga.* 292 (1) (34 S. E. 2d 28) ; *Weaver* v. *State*, 200 *Ga.* 598 (37 S. E. 2d 802) ; *Doyal* v. *State*, 70 *Ga.* 134 (5a).

6. Ground 8 excepts to the failure of the trial court to charge the law of involuntary manslaughter, no request for such charge having been made. There was no evidence to authorize such a charge, and it was not error to fail to give it. The statement of the defendant shows conclusively that he intended to shoot the deceased, and "If one intentionally shoots another with a pistol, and the person shot dies from the wound, this presents no theory of involuntary manslaughter. *Norton* v. *State*, 137 *Ga.* 842(4) (74 S. E. 759)." *Walton* v. *State*, 190 *Ga.* 746(2) (10 S. E. 2d 755). This ground is not meritorious.

7. In ground 9 the following charge is excepted to: "In all homicide cases, it is the right and province of the jury in the event they convict the defendant, to recommend that he be imprisoned for life or to recommend him to the mercy of the court, which would mean that he be sentenced to life imprisonment." While this charge is inaccurate, the word "homicide" was obviously intended to be "murder." Inasmuch as the case is being reversed upon another ground, and since the error here pointed out will not likely recur, it is unnecessary to decide whether the verbal inaccuracy in the charge was sufficiently harmful to require a reversal.

8. Ground 10 contends that one of the jurors was disqualified to serve, due to bias and prejudice, as evidenced by an alleged statement of the juror contained in an affidavit attached to the motion for new trial. Counter-affidavits, including one by the juror in question, were submitted by the State; and the decision of the trial judge, in the exercise of his discretion against this

ground will not be disturbed. *Brown* v. *State*, 163 *Ga.* 684(6), 693 (137 S. E. 31).

9. Ground 11 is based upon alleged newly discovered evidence. The evidence set out in this ground is merely impeaching of the testimony given at the trial, and the trial judge did not abuse his discretion in overruling this ground of the motion. *Stuckey* v. *State*, 176 *Ga.* 252(3) (167 S. E. 519); *Richardson* v. *State*, 161 *Ga.* 640(4) (131 S. E. 682); *Aiken* v. *State*, 176 *Ga.* 338(1) (168 S. E. 34); *Loughridge* v. *State*, 202 *Ga.* 129 (42 S. E. 2d 473).

10. The exception to the charge contained in ground 12 is without merit.

*Judgment reversed. All the Justices concur, except Candler, J., who dissents.*