## A05A1510. AUSTIN v. THE STATE.
### (621 SE2d 546)

ELLINGTON, Judge.

Andraus Austin was convicted in Douglas County of armed robbery, OCGA § 16-8-41; aggravated assault, OCGA § 16-5-21; escape, OCGA § 16-10-52; possession of a firearm during the commission of a felony, OCGA § 16-11-106; and possession of a firearm by a convicted felon, OCGA § 16-11-131.[1] Following the denial of his motion for new trial, Austin appeals, contending the trial court erred in allowing and admitting the victim's deposition; Austin also challenges the sufficiency of the evidence. Finding no error, we affirm.

1. In related claims of error, Austin contends the trial court erred in allowing the State to take a deposition of the victim and to introduce the deposition in lieu of calling her to testify at trial. Austin contends the deposition was not authorized by OCGA § 24-10-130 (b) (4) because the victim was not "so sick or infirm as to afford reasonable grounds to believe that such witness [would] be unable to attend the trial." In addition, Austin contends introduction of the deposition was not authorized by OCGA § 24-10-135 because the trial court did not find that the victim was unavailable to testify at trial. The question of whether a witness is unavailable is a matter within the sound discretion of the trial court, and a trial court's decision will be reversed only for an abuse of that discretion. See *Tanner v. State*, 213 Ga. 820, 821 (3) (102 SE2d 176) (1958) (inaccessibility of witness under predecessor to OCGA § 24-3-10, "Testimony of witness on former trial").

At the hearing on the State's motion to take the victim's deposition, the victim's doctor testified that the victim is 80 years old and has a brain tumor which predisposes her to have episodes of dizziness and vertigo. In addition, the victim has generalized anxiety disorder such that when she is exposed to unfamiliar or stressful public

---

[1] After a jury found Austin guilty beyond a reasonable doubt of aggravated assault, escape, and possession of a firearm during the commission of a felony, the trial court declared a mistrial as to the charge of armed robbery. In a subsequent proceeding, a second jury found Austin guilty beyond a reasonable doubt of armed robbery and of possession of a firearm by a convicted felon.

situations she sometimes suffers "spells" which involve chest pains, shortness of breath, blurred vision, confusion, and loss of consciousness. The victim's condition was not expected to improve. The doctor predicted that the victim would suffer these symptoms if made to appear in a courtroom and such would be detrimental to her health. The trial court found that OCGA § 24-10-130 (b) (4) was satisfied because the victim's brain tumor, vertigo, and general anxiety disorder physically prevented the victim from attending the trial and could affect her ability to testify in future proceedings. Based on the evidence received, the trial court was authorized to find that the victim was "so sick or infirm as to afford reasonable grounds to believe that such witness [would] be unable to attend the trial." OCGA § 24-10-130 (b) (4). Under these circumstances, the trial court did not abuse its discretion in granting the State's motion to take the victim's deposition. *Davis v. State*, 238 Ga. App. 84, 86 (2) (517 SE2d 808) (1999).

When the State sought to offer the victim's deposition at the first trial, Austin objected on the basis that introduction of the deposition was not authorized by OCGA § 24-10-135 because the victim was available to testify at trial, despite her infirmities. The trial court overruled the objection, based on the medical evidence already received. During the retrial on the armed robbery count, Austin again objected to the deposition and the trial court stood on its earlier ruling and allowed it. To avoid confusion, it would be a better practice for a trial court, before allowing a deposition pursuant to OCGA § 24-10-135, to make a finding of unavailability explicitly on the record. But in this case such a finding was implicit in the court's ruling and was authorized by the evidence. Accordingly, the trial court did not abuse its discretion in allowing the deposition to be played for the jury in lieu of the victim's appearance at trial. *Davis v. State*, 238 Ga. App. at 86 (2). Cf. *Tanner v. State*, 213 Ga. at 822-823 (3) (witness was not inaccessible so as to admit her testimony at a former trial where there was no evidence her illness or disability would permanently prevent her from testifying).

2. In related claims of error, Austin contends the evidence was insufficient to support the convictions for armed robbery and aggravated assault. Specifically, Austin contends there was no evidence he took U. S. currency from the victim and no evidence he assaulted the victim with a deadly weapon, as alleged in the indictment. Austin concedes that the victim testified as to each of these facts during her deposition; accordingly, these claims of error are dependent on Austin's arguments that the trial court should have excluded the deposition. In light of our holding in Division 1, supra, that the trial court did not abuse its discretion in admitting the victim's deposition, these arguments present nothing for our review.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 22, 2005.

*Virginia W. Tinkler*, for appellant.
*David McDade, District Attorney, James E. Barker, Assistant District Attorney*, for appellee.