NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 4 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10256 |
| Plaintiff-Appellee, | D.C. No. 3:20-xr-90052-MMC-1 |
| v. | |
| JOSHUA FLORES, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Argued and Submitted February 8, 2024
San Francisco, California

Before:  R. NELSON, FORREST, and SANCHEZ, Circuit Judges.

Appellant Joshua Flores appeals his convictions for interfering with agency actions, disorderly conduct, and intoxication to a dangerous degree in a public park. We have jurisdiction under 28 U.S.C. § 1291. We affirm, albeit on different grounds.

**1. _Right to Confrontation_.** Flores argues that the district court violated his Sixth Amendment right to confrontation by admitting at trial testimony given by

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Park Ranger Paul Scholtz over Zoom during an earlier suppression hearing in Flores's case. The testimonial statement of a witness who does not appear at trial may be admitted only if the witness is "unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *United States v. Johnson*, 875 F.3d 1265, 1278 (9th Cir. 2017) (quoting *Crawford v. Washington*, 541 U.S. 36, 53–54 (2004)).

Flores contends that he was denied an opportunity to cross-examine his "accuser face-to-face in front of the trier of fact" because Ranger Scholtz "only ever appeared in court via Zoom" during the suppression hearing. We reject this argument. Flores consented to the remote format for his suppression hearing and had an *opportunity* to and, in fact, did cross-examine Ranger Scholtz. *Cf. United States v. Owens*, 484 U.S. 554, 559 (1988) (stating that the "Confrontation Clause guarantees only 'an *opportunity* for effective cross-examination'" (quoting *Kentucky v. Stincer,* 482 U.S. 730, 739 (1987))).

Flores also contends that Ranger Scholtz's health condition that made travel from his residence on the East Coast difficult did not render him unavailable to appear at trial. Courts determine whether a witness is unavailable for Confrontation Clause purposes by looking to whether the government "made a good-faith effort to obtain his presence at trial." *Hardy v. Cross*, 565 U.S. 65, 69 (2011) (quoting *Barber v. Page*, 390 U.S. 719, 724–25 (1968)). We have applied this standard to determine

2

whether a witness residing abroad was unavailable. *See United States v. Alahmedalabdaloklah*, 94 F.4th 782, 818 (9th Cir. 2024). But as Flores sees it, *Crawford* altered the Sixth Amendment landscape by holding that the Confrontation Clause "is most naturally read as a reference to the right of confrontation at common law, admitting only those exceptions established at the time of the founding." 541 U.S. at 54. And because we have not assessed the bounds of unavailability as it relates to illness under the common law of 1791, he argues that the good-faith effort test does not squarely apply. *See United States v. Castillo*, 69 F.4th 648, 657 (9th Cir. 2023) ("[U]nstated assumptions on non-litigated issues are not precedential holdings binding future decisions." (quoting *Medina-Rodriguez v. Barr*, 979 F.3d 738, 747 (9th Cir. 2020))); *see also United States v. Shayota*, 934 F.3d 1049, 1053 (9th Cir. 2019) (O'Scannlain, J., specially concurring) ("Our court has yet to do that work, but history suggests that the scope of unavailability may be narrower than our court has recognized.").

After threading the needle of prior precedent, Flores argues that unavailability under the common law of 1791, at most, included only witnesses that were dead, missing, or outside the jurisdiction. And he musters at least some historical sources from around the founding to support his argument. *See Le Baron v. Crombie*, 14 Mass. 234, 236 (1817) ("Admitting it to be the rule here, as well as in *England*, that the declarations of a dead witness . . . may be proved, it by no means follows that

3

declarations so made by a witness still living, but who has become incompetent, can be so received."); Francis Buller, *An Introduction to the Law Relative to Trials at Nisi Prius* 242 (5th ed., New York, Hugh Gaine 1788) (stating that if a witness "be dead, or beyond Sea, their Depositions may be read").

Although "[t]he Supreme Court has yet to consider the historical limitations of the unavailability requirement," *Shayota*, 934 F.3d at 1054 (O'Scannlain, J., specially concurring), and Flores makes an interesting argument about what unavailability meant under the common law of 1791, we need not wade into this issue. Even if the district court violated Flores's confrontation right by admitting the Ranger's testimony from the suppression hearing, the Government met its burden to establish that any confrontation error was harmless. *See United States v. Nguyen*, 565 F.3d 668, 675 (9th Cir. 2009).

Whether a confrontation error was harmless "depends on a variety of factors including: (1) the importance of the evidence to the prosecution's case; (2) whether the evidence was cumulative; (3) the presence of corroborating evidence; [and] (4) the overall strength of the prosecution's case." *Shayota*, 934 F.3d at 1052 (quoting *United States v. Bernard S.*, 795 F.2d 749, 756 (9th Cir. 1986)). Here, there was more than sufficient evidence supporting Flores's convictions even absent Ranger Scholtz's testimony. *See id.*

For instance, the public intoxication to a dangerous degree charge was

supported by several other witnesses testifying to Flores's alcohol intake, signs of intoxication, and violent behavior. *See* 36 C.F.R. § 2.35(c). And the interference with agency actions and disorderly conduct charges were supported by two different videos capturing Flores's interactions with law enforcement. In these videos, Flores clearly refused orders from an officer to leave the car; struggled with officers as they attempted to detain him; and continued to yell, kick, and bang the interior of the patrol vehicle. *See id.* § 2.32(a)(1) (prohibiting "resisting . . . or intentionally interfering with a government employee or agent engaged in an official duty"); *id.* § 2.34(a)(1) ("A person commits disorderly conduct when, with intent to cause public alarm, nuisance, jeopardy or violence, or knowingly or recklessly creating a risk thereof," he "[e]ngages in fighting or threatening, or in violent behavior.").

The only open question was whether Flores possessed the requisite intent under 36 C.F.R. §§ 2.32(a)(1) and 2.34(a)(1) to satisfy these charges. And as the Government points out, Ranger Scholtz's "prior testimony had no bearing on the question of intent, which turned instead on [an expert's] credibility and Flores's recorded statement[s]." Accordingly, any Confrontation Clause violation was harmless as Ranger Scholtz's testimony was cumulative or irrelevant—and possibly both—to proving the charges against Flores.

**2. *Right to a Jury Trial.*** Flores also argues that the district court violated his Sixth Amendment right to a jury trial. "The Supreme Court has held as a matter of

5

constitutional law that 'petty' offenses may be tried without a jury." *United States v. Clavette*, 135 F.3d 1308, 1309 (9th Cir. 1998). Flores acknowledges this but preserves the issue for further review. Applying our precedent, we reject this argument.

**AFFIRMED.**